In re John B. CARAWAY, a/k/a J.B. Caraway, Debtor.

**Bankruptcy No. 5-87-00071(12).**

United States Bankruptcy Court, W.D. Kentucky.

Feb. 22, 1988.

Russell K. Johnson, Eddyville, Ky., for debtor.

John W. Ames, Louisville, Ky., Trustee.

James Earhart, Louisville, Ky., for creditor Farmers Bank and Trust Co.

## MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

This matter came before the Court for a valuation/confirmation hearing on December 16, 1987. At that time, the court, having been advised of a dispute between the debtor and Farmers Bank and Trust (hereinafter referred to as the "creditor") ordered the parties to submit briefs and responses to the court on a valuation issue. Specifically the issue to be decided is whether a debtor can surrender property to a secured party pursuant to Section 1225(a)(5)(C) and receive an offset against the secured party's claim *in an amount equal to the value of the property as appraised by the creditor.*

For reasons set forth below, we conclude that the debtor's Chapter 12 plan cannot be confirmed in its present state since the debtor is not entitled to make a determination of the value of property he wishes to surrender to the creditor by simply adopting the creditor's own appraisal report. This is a matter that needs to be resolved by the court through means of a valuation hearing.

Briefly stated, this Chapter 12 debtor has filed with the court a plan of reoganization which provides for, among other things, the surrender of certain property, real and

personal, to the creditor, pursuant to Section 1225(a)(5)(C). (See Second and Third Modification to the Plan filed November 9, 1987 and December 10, 1987, respectively). This part of the debtor's proposal receives no objection by the creditor since both parties agree that Section 1225(a)(5)(C) gives the debtor the option to surrender all or part of his property to a secured creditor.

However, as stated above, the debtor then proposes to offset the creditor's claim in an amount equal to the *value* of the surrendered property. The dispute arises around the issue of how that value will be determined. The debtor argues that the value of the property should be determined by adopting those values set forth by the creditor's own appraisal report. In support of his argument, the debtor states in his brief that there are two basic methods for determining the value of property: by consent of the parties or court order arising out of a valuation hearing.

The debtor has admitted that the first option has not occurred. As for the second option, the debtor argues that a valuation hearing is unnecessary, since it is likely that, at such a hearing, the creditor will be attempting to convince the court of the accuracy of certain appraisals which the debtor states he's already willing to accept without a hearing. This latter argument falters somewhat in that it presupposes what the creditor will do if and when a hearing is held. The debtor bases his final argument on equitable grounds stating that it wouldn't be fair to allow the creditor to use its own appraisals for purposes of payment under the plan but then not be ordered to apply those same values towards an offset against the creditor's claim for the property surrendered to it.

■ The creditor, on the other hand, argues that its appraisals were obtained in contemplation of the debtor retaining the property and making payments under the plan. If the property is to be surrendered, its actual value, it argues, should be determined by a foreclosure sale. We agree with the creditor that 'value' pursuant to Section 506(a) "shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." *In re Stockwell,* 33 B.R. 303 (Bkrtcy.D.Ore.1983). However, we disagree with the creditor that a foreclosure sale should be conducted to establish the actual value of the property. Although the creditor cites us to case law which suggests that a foreclosure sale is, in fact, one means of determining the value of surrendered property, it certainly is not the only means this court has in making such a determination. *In re Toth,* 61 B.R. 160 (Bkrtcy.N.D.Ill.1986) and *In re Mikkelsen,* 74 B.R. 280 (Bkrtcy.D.Or.1987).

■ In the case of *In re Indreland,* 77 B.R. 268 (Bkrtcy.D.Mont.1987), the court was also confronted with a Chapter 12 debtor who wished to surrender part of his property to the secured creditor. In order to fairly determine the value of the property, the court held a valuation hearing which permitted both sides to come into court and argue the merits of their individual appraisals.

In the instant case, we agree with the *Indreland* case and find that in the interest of justice to both parties, this matter ought to be set for a valuation hearing at which time both parties will have an equal opportunity to persuade this court to adopt their own individual values of the property.

This Memorandum–Opinion constitutes findings of fact and conclusions of law in accordance with Federal Bankruptcy Rule 7052.

An order consistent with this opinion will be entered this day.